UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| NATHANIEL S. ROBINSON, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | No. 3:24-CV-00159-JRG-DCP |
| STATE OF TENNESSEE, | ) |  |
| Respondent. | ) |  |

## MEMORANDUM OPINION AND ORDER

The Court is in receipt of a self-represented prisoner's petitions for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 [Doc. 1; Doc. 5 at 15-38] and his application to proceed *in forma pauperis* [Doc. 5 at 2-13]. Because it is apparent from Petitioner's application and supporting documents that he lacks the financial resources to pay the filing fee without undue hardship, his motion [Doc. 5] is **GRANTED**.[1]

The petitions are before the Court for an initial review. *See* Rule 4, Rules Governing § 2254 Cases in the United States District Courts ("Habeas Rule"). Under Habeas Rule 4, the Court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[]." *See also Crump v. Lafler*, 657 F.3d 393, 396 n.2 (6th Cir. 2011) ("If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition." (citing *McFarland v. Scott*, 512 U.S. 849, 856 (1994))). The petitions filed in this case state that Petitioner pleaded guilty to rape and not guilty to violation of probation in Knox County Criminal Court case number 116588 [Doc. 1; Doc. 5 at 1-2]. The federal

---

[1] When assessing whether to permit an individual to proceed without paying the filing fee, the Court is not concerned with whether the applicant is destitute, but rather, "whether the court costs can be paid without undue hardship." *Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001).

habeas petitions allege that Petitioner received the ineffective assistance of counsel with regard to the charge that Petitioner violated his probation, and they both challenge the revocation of Petitioner's probation [*See generally* Doc. 1; Doc. 5 at 15-29].  Petitioner states that he has been appointed new counsel, and that his challenge to the revocation of his probation is currently on appeal [*See* Doc. 1 at 5, 6, 7, 8, 9, 10, 11; Doc. 15 at 16, 20, 21, 23, 24].  That submission is confirmed by a review of the publicly available online records of the Tennessee appellate courts, which confirms that an appeal was filed from Knox County Criminal Court case number 116588 on February 5, 2024.  *See* Tenn. State Courts, *Appellate Case Search*, https://pch.tncourts.gov/ (search by case no. "E2024-00176-CCA-R3-CD") (last visited Apr. 5, 2024).[2]

Typically, a state prisoner must exhaust all available state court remedies to obtain review through a federal habeas action.  28 U.S.C. § 2254(b)(1)(A).  And to satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one completed round of the State's established appellate review process."  *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).  Because of the statutory mandate requiring exhaustion, courts have the "authority to raise and consider the issue of exhaustion *sua sponte*[.]"  *Id*. at 436 (citing *Harris v. Rees*, 794 F.2d 1168, 1170 (6th Cir. 1986)).

Petitioner bears the burden of demonstrating that his state-court remedies have been exhausted.  *Rust v. Zent*, 17 F.3d 166, 160 (6th Cir. 1994) (citation omitted).  And as Petitioner's appeal is pending, he has not met that burden.  Accordingly, the Court cannot review the merits of his petition at this time.

---

[2] The Court may take judicial notice of information provided by a public authority.  *See* Fed. R. Evid. 201(b)(2); *see also* Fed. R. Evid. 902(5) (providing that "official publications" are self-authenticating) and *Williams v. Long*, 585 F. Supp. 2d 679, 688 n.4 (D. Md. 2008) (finding public authority's act of posting information on Internet is an act of publication under Rule 902(5)).

Therefore, this action is **DISMISSED WITHOUT PREJUDICE** to Petitioner's ability to file another federal habeas petition after his state-court remedies have been exhausted.[3]

Because this ruling constitutes a "final order adverse to" Petitioner, the Court must "issue or deny a certificate of appealability[.]" Habeas Rule 11(a). A certificate of appealability ("COA") should issue only where the petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c). When a district court denies a habeas petition on a procedural basis without reaching the underlying claims, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As reasonable jurists would not debate the Court's procedural ruling, a COA is **DENIED**. The Court will enter an order consistent with this opinion.

ENTER:

                                                                                   s/J. RONNIE GREER
                                                                                  UNITED STATES DISTRICT JUDGE

---

[3] Petitioner does not request that the Court stay these proceedings while his state-court remedies are exhausted [*See generally* Doc. 1]. And Petitioner has not demonstrated "good cause" for his "failure to exhaust his claims first in state court" to warrant a stay of these proceedings. *Rhines v. Weber*, 544 U.S. 269, 278 (2005) (addressing stay-and-abeyance procedure in "mixed petition" cases). Moreover, it appears the federal statute of limitations has not begun to run on Petitioner's revocation conviction, as that judgment is not yet "final" within the meaning of the federal statute of limitations. *See, e.g., Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012) (holding that judgment becomes final upon conclusion of certiorari review or "expiration of the time for seeking such review"). And even if Petitioner's appeal is unsuccessful, he may presumably seek further state-court review through utilization of Tennessee's "Post-Conviction Procedure Act," Tenn. Code Ann. §§ 40-30-101, *et seq*. The federal statute of limitations would be tolled while any properly filed post-conviction petition remained pending in state court. 28 U.S.C. § 2244(d)(2). Therefore, the Court finds no reason to stay the petitions and hold further proceedings in abeyance.